1

2

3

4

5

6

7

8

9

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

THE BANK OF NEW YORK MELLON, FKA
THE BANK OF NEW YORK, AS TRUSTEE
(CWABS 2006-BC5),

                Plaintiff,

   vs.

JOHN ROBERTS JR., et al.,

                Defendants.

Case No. 2:19-CV-00647-RAJ

**ORDER GRANTING**
**PLAINTIFF'S MOTION**
**TO REMAND**

10

11

12

13

14

15

16

17       This matter comes before the court on Plaintiff's motion to remand. Dkt. # 8. For

18 the reasons below, the Court **GRANTS** the motion.

19       Removal to federal court is governed by 28 U.S.C. § 1441 which states that, "any

20 civil action brought in a State court of which the district courts of the United States have

21 original jurisdiction, may be removed by the defendant or defendants." Original

22 jurisdiction may be based on diversity or the existence of a federal question, as set forth in

23 28 U.S.C. §§ 1331 and 1332. District courts have diversity jurisdiction over all civil actions

24 between citizens of different states where the amount in controversy exceeds $75,000,

25 exclusive of interest and costs. 28 U.S.C. § 1332.

26

27

Section 1446(b) governs the timing of removal. "[A] notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, a copy of an amended pleading, motion, order or other paper from which it may be first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). A party must remove a case within one year of its commencement, "unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). "The one-year bar gives the defendant sufficient incentive and time to determine the facts to justify removal without imposing an undue burden to investigate removal within the first thirty days of receiving an indeterminate complaint." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 697 (9th Cir. 2005). The party seeking a federal forum has the burden of establishing that federal jurisdiction is proper. *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 682-83 (9th Cir. 2006). The removing party must carry this burden not only at the time of removal, but also in opposition to a motion for remand. *See Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). Removal jurisdiction is strictly construed in favor of remand, and any doubt as to the right of removal must be resolved in favor of remand. *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005).

On September 19, 2016, Plaintiff filed this action in Snohomish County Superior Court ("State Court") against Defendant. Dkt. # 1-1. The complaint alleges the Defendant failed to make monthly payments on a promissory note. Defendant received service of the complaint on October 1, 2016. Dkt # 12 at 4. On January 10, 2019, the State Court entered a judgment in plaintiff's favor for foreclosure. Dkt #6 at 34-35. On May 2, 2019, Defendant removed this case from State Court claiming diversity jurisdiction. Dkt. # 1. Plaintiff argues that the thirty-day window for removal in this case began on October 1, 2016, the date Defendant received service of the complaint. Defendant contends, however, that he was not properly served documents in the State Court action and thus his Notice of Removal was properly filed on May 5, 2019. He also argues that the Court should deny

the motion to remand because Plaintiff failed to file a Disclosure Statement and Notice of Appearance. Dkt. # 10 at 3.

Under § 1446(b)(3), the thirty-day time period starts to run from the time Defendant receives "a copy of an amended pleading, motion, order or other paper" from which it can determine that the case is removable. *See also Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006) ("[W]e don't charge defendants with notice of removability until they've received a paper that gives them enough information to remove."). Here, the complaint and summons were served on Defendant on September 19, 2016. Therefore, Defendant's notice of removal, filed well after the 30-day window, is untimely. Although Defendant claims improper service, he fails to present any facts in support of that argument. Nor does he present any facts to support a claim that Plaintiff acted in bad faith to prevent removal. Any doubt as to the right of removal must be resolved in favor of remand. *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005).

For all the foregoing reasons, the court **GRANTS** Plaintiff's motion to remand (Dkt. # 8) and directs the clerk to remand this case to Snohomish County Superior Court. [1]

Dated this 9th day of September, 2019.

_____
The Honorable Richard A. Jones
United States District Judge

---

[1] Although the parties dispute whether this Court has subject matter jurisdiction, the Court declines to address the issue after finding removal untimely. *See Homax Prods., Inc. v. USA Homemax, Inc.*, Case No. C11–534–RSM, 2011 WL 13229075 (W.D. Wash. Jul. 1, 2011) ("A defendant's failure to comply with the thirty-day limitation is a complete bar to removal independent of whether removal would have been proper if the time requirements were met.").